IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
APR 13 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| ROBERT CLARKE )<br>)<br>      Plaintiff )<br>v. )<br>)<br>REGENT ASSET MANAGEMENT SOLUTIONS, INC. )<br>)<br>  SERVE:  CSC Lawyers Incorporating Service )<br>              50 W. Broad Street )<br>              Suite 1800 )<br>              Columbus, OH 43215 )<br>)<br>D. SCOTT CARRUTHERS AND ASSOCIATES, LLC )<br>8448 Katella Avenue )<br>Stanton, CA, 90680 )<br>)<br>  SERVE:  Secretary of the Commonwealth )<br>              Richmond, VA )<br>)<br>      Defendants. ) | CASE NO. 3:10CV238 |

## COMPLAINT

COMES NOW the Plaintiff, Robert Clarke (hereafter, "Clarke" or "Plaintiff"), by counsel, and as for his Complaint against the Defendants, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1692 et seq. (the Federal Fair Debt Collection Practices Act or "FDCPA"). Additional claims are brought pursuant to California Civil Code § 1788 et seq. (the Rosenthal Fair Debt Collection Practices Act).

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FDCPA, 15 U.S.C. § 1692k(d) and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq.

## PARTIES

3. Plaintiff is a natural person and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").

4. Defendant Regent Asset Management Solutions, Inc., (hereafter, "Regent"), is a foreign corporation with its principal place of business located in Denver, Colorado and which regularly attempts to collect debts from consumers nationwide, including Virginia. The Defendant's principal business purpose is the collection of debts.

5. Defendant D. Scott Carruthers and Associates, LLC, (hereafter, "Carruthers"), is a foreign corporation with its principal place of business located in Stanton, California and which regularly attempts to collect debts from consumers nationwide, including Virginia. The Defendant's principal business purpose is the collection of debts.

## STATEMENT OF FACTS

6. In or around July 2005, Plaintiff's Bank of America checking account was debited in the amount of $1,196.49.

7. Plaintiff did not authorize this charge.

8. The unauthorized debit exceeded Plaintiff's account balance. As a result, Bank of America assessed significant overdraft fees.

9. As Bank of America had already issued to the funds to the requesting bank, it would not reverse any of the charges in response to Plaintiff's numerous disputes and good faith efforts to resolve the issue.

10. Upon information and belief, Bank of America thereafter assigned or sold the resultant account to a number of debt collectors, including Defendant Regent.

11. Following its purchase of the account, Defendant Regent placed multiple phone calls to Plaintiff regarding the debt, which were displayed as "Unknown caller" on Plaintiff's Caller ID.

12. Upon information and belief, the Defendant's standard business practice is to configure its telephonic dialing software such that its true caller identification information is electronically masked, in an effort to increase the chance that the call will be answered by a consumer who is unable to determine that Regent is the entity initiating the call.

13. Plaintiff received several voice messages from an employee of the Defendant who identified himself as "John Taylor."

14. Upon information and belief, "John Taylor" is not the true name of the collector, but is a collection alias.

15. In these voicemails, John Taylor failed to make the disclosures required by 15 U.S.C. § 1692e.

16. Plaintiff thereafter received dunning letters from the Defendant that threatened the filing and service of legal action against him in the Commonwealth of Virginia.

17. Defendant's collection letters further claimed that Plaintiff owed different account balances, which varied from letter to letter and arbitrarily imposed charges on the Plaintiff that were not provided for by contract.

3

18. In December 2009, Plaintiff received a letter sent to him on the letterhead of Defendant Carruthers, an attorney allegedly licensed to practice law in the State of California.

19. Upon information and belief, Defendant Regent pays money to Defendant Carruthers, who in exchange, allows Regent to generate and mail letters to consumers threatening litigation that Defendant Carruthers has no intention or ability of prosecuting.

20. Defendant Carruthers is not licensed to practice law in the Commonwealth of Virginia.

21. According to a review of the electronic dockets of the courts of the Commonwealth of Virginia, Defendant Carruthers has never filed a lawsuit in Virginia.

22. According to a review of the electronic dockets of the courts of the Commonwealth of Virginia, Defendant Regent has never filed a lawsuit in Virginia.

23. At the time that the letter was sent, Defendant Carruthers had no personal knowledge of the terms of Plaintiff's contract with Bank of America or of the history of the numerous disputes regarding the unauthorized transaction.

24. The December collection letter bearing Carruther's name claimed that Plaintiff had defaulted on his Bank of America account in the amount of $1,480.80, and that pursuant to Plaintiff's contractual agreement, additional interest had accrued in the amount of $873.02. However, in a later letter, the Defendants represented to the Plaintiff that an amount in excess of $1,480.80 represented interest, attorney's fees and "collection costs".

25. The interest, attorney's fees and "collection costs" referenced by the Defendants were not authorized by contract.

26. The Defendants further threatened imminent legal action against Plaintiff and stated that if he did not remit payment in full, they would begin preparing a case for a lawsuit to

be filed in Alexandria City County [sic] by "investigating Plaintiff's employment, assets and banking information".

27. The Defendants claimed that if it became necessary to have a court enforce this contract, court costs and attorney fees would be added to the amount they alleged that Plaintiff owed.

28. Upon information and belief, it is Defendant Regent's standard business practice to threaten legal action by using Defendant Carruther's letterhead, when neither Defendant has any intention of filing the lawsuits threatened, and when no review of the underlying facts or legal claims has been conducted. This tactic is intended to create a false sense of urgency in Defendants' collection targets who fear a lawsuit may be imminently filed against them or that an investigator will pry into their private affairs or contact their employer.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e
### (Defendant Regent)

29. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 28 above as if fully set out herein.

30. By its false and deceptive statements and misrepresentations as described herein, Defendant Regent violated 15 U.S.C. § 1692e.

31. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692e
### (Defendant Carruthers)

32. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 31 above as if fully set out herein.

33. By its false and deceptive statements and misrepresentations as described herein, Defendant Carruthers violated 15 U.S.C. § 1692e.

34. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT THREE:
### VIOLATION OF 15 U.S.C. §1692e(2)(A)
### (Defendant Regent)

35. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 34 above as if fully set out herein.

36. By its false and deceptive statements and misrepresentations described herein, Defendant Regent violated 15 U.S.C. §1692e(2)(A).

37. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT FOUR:
### VIOLATION OF 15 U.S.C. §1692e(2)(A)
### (Defendant Carruthers)

38. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 37 above as if fully set out herein.

39. By its false and deceptive statements and misrepresentations described herein, Defendant Carruthers violated 15 U.S.C. §1692e(2)(A).

40. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT FIVE:
### VIOLATION OF 15 U.S.C. §1692e(3)
### (Defendant Regent)

41. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 40 above as if fully set out herein.

42. By its false and deceptive statements and misrepresentations described herein, Defendant Regent violated 15 U.S.C. §1692e(3).

43. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT SIX:
### VIOLATION OF 15 U.S.C. §1692e(3)
### (Defendant Carruthers)

44. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 43 above as if fully set out herein.

45. By its false and deceptive statements and misrepresentations described herein, Defendant Carruthers violated 15 U.S.C. §1692e(3).

46. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT SEVEN:
### VIOLATION OF 15 U.S.C. §1692e(5)
### (Defendant Regent)

47. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 46 above as if fully set out herein.

48. By its false and deceptive statements and misrepresentations described herein, Defendant Regent violated 15 U.S.C. §1692e(5).

49. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT EIGHT:
### VIOLATION OF 15 U.S.C. §1692e(5)

**(Defendant Carruthers)**

50. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 49 above as if fully set out herein.

51. By its false and deceptive statements and misrepresentations described herein, Defendant Carruthers violated 15 U.S.C. §1692e(5).

52. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT NINE:
### VIOLATION OF 15 U.S.C. §1692e(10)
**(Defendant Regent)**

53. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 52 above as if fully set out herein.

54. By its false and deceptive statements and misrepresentations described herein, Defendant Regent violated 15 U.S.C. §1692e(10).

55. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT TEN:
### VIOLATION OF 15 U.S.C. §1692e(10)
**(Defendant Carruthers)**

56. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 55 above as if fully set out herein.

57. By its false and deceptive statements and misrepresentations described herein, Defendant Carruthers violated 15 U.S.C. §1692e(10).

58. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT ELEVEN:
### VIOLATION OF 15 U.S.C. §1692e(11)
### (Defendant Regent)

59. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 58 above as if fully set out herein.

60. By its failure to disclose in its initial communication with the Plaintiff that the Defendant was attempting to collect a debt and that any information obtained will be used for that purpose, Defendant Regent violated 15 U.S.C. §1692e(11).

61. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT TWELVE:
### VIOLATION OF 15 U.S.C. § 1692f
### (Defendant Regent)

62. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 61 above as if fully set out herein.

63. By its false and deceptive statements and misrepresentations described herein, Defendant Regent violated 15 U.S.C. § 1692f.

64. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT THIRTEEN:
### VIOLATION OF 15 U.S.C. § 1692f
### (Defendant Carruthers)

65. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 64 above as if fully set out herein.

66. By its false and deceptive statements and misrepresentations described herein, Defendant Carruthers violated 15 U.S.C. § 1692f.

67. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FOURTEEN:
## VIOLATION OF 15 U.S.C. § 1692g
### (Defendant Regent)

68. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 67 above as if fully set out herein.

69. By its failure to provide notice of Plaintiff's right to verification of the alleged debt within 5 days of initial communication, Defendant Regent violated 15 U.S.C. § 1692g.

70. Plaintiff is therefore entitled to actual and statutory damages against Defendant Regent, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIFTEEN:
## VIOLATION OF 15 U.S.C. § 1692g
### (Defendant Carruthers)

71. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 70 above as if fully set out herein.

72. By its failure to provide notice of Plaintiff's right to verification of the alleged debt within 5 days of initial communication, Defendant Carruthers violated 15 U.S.C. § 1692g.

73. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIXTEEN:
## VIOLATION OF California Civil Code § 1788.13(e)
### (Defendant Carruthers)

74. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 73 above as if fully set out herein.

75. By its false and deceptive statements and misrepresentations described herein, Defendant Carruthers violated California Civil Code § 1788.13(e).

76. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to the Rosenthal Act.

### COUNT SEVENTEEN:
### VIOLATION OF California Civil Code § 1788.13(j)
### (Defendant Carruthers)

77. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 76 above as if fully set out herein.

78. The false statements and misrepresentations described herein as made by Defendant Carruthers violated California Civil Code § 1788.13(j).

79. Plaintiff is therefore entitled to actual and statutory damages against Defendant Carruthers, as well as his reasonable attorney's fees and costs, pursuant to the Rosenthal Act.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorney's fees and costs, pursuant to the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act against the Defendants, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**ROBERT CLARKE**

By _____*Matthew J. Erausquin*_____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB#65434
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770

11

Facsimile: (888) 892-3512
matt@clalegal.com