UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT CLARKE | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Civil No.:<br>) 3:10cv238 |
| REGENT ASSET MANAGEMENT SOLUTIONS, INC., ET ALS. | )<br>) |
| Defendants. | ) |

**DECLARATION OF MATTHEW ERAUSQUIN IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

I, MATTHEW J. ERAUSQUIN, an adult individual, depose upon my oath and declare the following to be true and correct:

1. I am an attorney with the law firm of Consumer Litigation Associates, P.C. We represent Plaintiff Robert Clarke in connection with the above-captioned matter involving violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 and the California Civil Code 1788 et seq. (the Rosenthal Fair Debt Collection Practices Act.)

2. I make this declaration upon personal knowledge, as I have been personally involved in this litigation from the outset of the case.

3. I graduated from George Mason School of Law, located in Arlington, Virginia, in July of 2002. I attended law school while serving on active duty as an Air Force communications officer at the Pentagon. Upon leaving active duty and until my completion of law school, I worked as a consultant performing database engineering services for a variety of technology firms including Oracle Corporation, Verizon, SAIC, and Nextel.

4. From August, 2002 through June 2003, I was employed as a patent agent by the firm of Fliesler, Dubb, Meyer, and Lovejoy, LLP ("FDML") located in San Francisco, CA. During this time period, I passed the California Bar Exam and the Registration Exam administered by the United States Patent and Trademark Office and was responsible for drafting and prosecuting patent applications in the generalized fields of electrical engineering and computer science for a variety of software development companies and for performing legal research with regard to ongoing litigation.

5. During the entirety of my employment at FDML, my standard billing rate was $220 per hour, which, upon information and belief, was regularly paid by our clients.



6.     On December 15, 2003, I was admitted to practice in the Commonwealth of Virginia and began working as a solo practitioner, handling a variety of consumer-related matters in federal court, court-appointed criminal cases, involuntary commitment hearings for Loudoun County, and working 2-3 evenings per month with the Fairfax County Neighborhood Outreach Program where I provided pro bono legal assistance in domestic and immigration-related matters to low-income individuals.

7.     In April of 2004, I merged my firm into the law firm of Consumer Litigation Associates, P.C. where I exclusively litigate consumer cases with my partner, Leonard Bennett, with a particular emphasis on consumer protection cases arising under the Consumer Credit Protection Act and its constituent Fair Debt Collection Practices Act and Fair Credit Reporting Act, among others.  When I first began to accept federal consumer cases, my billing rate was $275.00 per hour, which was regularly paid by my clients.

8.     I have attended and participated in at least 4 conferences each year since 2004 which relate to a variety of consumer protection issues including the Fair Credit Reporting Act, the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act.  I have contributed to the 2006 revisions to the NCLC Manual titled "Fair Credit Reporting" which is used nationwide by consumer attorneys and defense counsel in FCRA cases.  I regularly assist consumer attorneys around the country with questions relating to litigating under the FCRA and the FDCPA and have agreed to co-counsel in individual and class classes in various parts of the country.

9.     As of the date of this declaration, I have served as counsel in at least 160 individual consumer cases in the Eastern District of Virginia and have additionally served as counsel in a number of other consumer class actions including *Linares v. First Equity Card*, Civil No. 3:05cv103, (J. Williams); *Martin v. United Auto Credit, et al*, Civil No. 3:05cv143 (J. Payne); *Johnson v. Mid-Atlantic Finance Company*, Civil No. 3:06cv193 (J. Dohnal); *Yarish v. Ryland Group*, Civil No. 3:06cv291 (J. Williams); *Mason v. Dollar Thrifty Automotive Group, Inc.*, Civil No. 3:06cv484 (J. Spencer); *Hernandez v. Equifax Information Services, LLC*, Civil No. 06:3924, C.D. Cal; *Salladay v. Choicepoint Services, Inc*, Civil No. 05:1294, C.D. Cal.; *Fiscella v. Intelius, Inc.*, Civil No. 3:10cv186, E.D. of VA; *Cortez v. Wal-Mart Stores, Inc.*, Civil No. 3:09cv725, E.D. of VA; *Lestyk, et als. v. GC Services, LP*, Civil No. 3:09cv598, E.D. of VA; *Thomas v. GC Services, LP*, Civil No. 3:09cv597, E.D. of VA; *Makson v. Portfolio Recovery Associates, LLC*, Civil No. 3:07cv582, E.D. of VA; *Lopez v. Kettler Management, Inc.*, Civil No. 1:10cv183, E.D. of VA; *Cappetta v. GC Services, LP*, Civil No. 3:08cv288, E.D. of VA.  I estimate that these cases conservatively involved an aggregate of 400 or more defendants, assuming that there are between 2-4 defendants per case.

10.    In the past year, more than 10 individuals have paid my firm at an hourly rate of $350.00 per hour for work that I performed on their case.  I certify that this is a fair hourly rate for an attorney with my federal court experience in the Eastern District of Virginia and that the time spent in this matter was reasonable and necessary to attempt to attain the accomplished result of the entry of judgment against this Defendant.

11.    As set forth in the timesheets attached hereto, the firm has spent an aggregate of 34.75

hours on this matter as of the filing of this Declaration. I anticipate that a minimum of an additional 5 hours of attorney time will be necessary for enforcement of the judgment. My firm's time in this matter is accurately depicted below and represents the exercise of billing discretion. Certain administrative tasks have been omitted, and multiple attorney time entries have been reduced when the time spent to accomplish these was higher due to the need to deal with logistical issues and inter-office coordination.

12.   Our time summary, inclusive of time spent to date in pursuing the present motion for entry of judgment by default, is as follows:

| | | |
|---|---|---|
| Matthew J. Erausquin | 23.50 x $350.00 per hour | = $ 8,225.00 |
| Matthew J. Erausquin ** | 5.00 x $350.00 per hour | = $ 1,750.00 |
| Leonard A. Bennett | 2.75 x $450.00 per hour | = $ 1,237.50 |
| Erin L. Freeman | 8.50 x $110.00 per hour | = $    935.00 |

**Sub-Total Attorney Fees = $12,147.50**

13.   A total of $996.41 was spent towards costs in this litigation. These costs include a filing fee of $350.00, service charges of $153.00, Federal Express and postage fees of $144.41, and a subscription to Verdict Search in the amount of $349.00

**Sub-Total Costs = $ 996.41**

14.   The attorney, paralegal time and costs incurred which total **$13,143.91** through August 3, 2010, were reasonably and necessarily spent for the effective prosecution of this case.

Under penalty of perjury under the laws of the United States of America, I hereby declare and affirm that the foregoing information is true and correct to the best of my information, knowledge and belief.

Dated: August 3, 2010

_____
MATTHEW J. ERAUSQUIN
*Counsel for the Plaintiff*

**** *Includes 5 hours anticipated for enforcement of judgment*